AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle District; Jacksonville Div. |
|---|---|
| Name (under which you were convicted): Freddie Lee Glover | Docket or Case No.: 3:23-cv-375-MMH-LLL |
| Place of Confinement: Santa Rosa Correctional Facility- Annex 5850 East Milton Road Milton, FL 32583 | Prisoner No.: Q90154 |
| Petitioner (include the name under which you were convicted) Freddie Lee Glover    v. | Respondent (authorized person having custody of petitioner) Ricky S. Dixon, Secretary, et al. Florida Dept. Of Corr. |
| The Attorney General Of The State: | Ashley Moody |

FILED

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Seventh Judicial Circuit Court in and for Duval County, Florida

   (b) Criminal docket or case number (if you know): 12-304945-CFDB

2. (a) Date of the judgment of conviction (if you know): October 17, 2018

   (b) Date of sentencing: October 17, 2018

3. Length of sentence: Natural Life Counts 1 and 2; to run consecutive

4. In this case, were you convicted on more than one count or of more than one crime? ■ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Count 1- Battery;  Count 2- Lewd and Lascivious Molestation On A Person Less Than 12 Years of Age

6. (a) What was your plea? (Check one)

   ■ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty          ☐ (4) Insanity Plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)

   ■ Jury      ☐ Judge Only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   ■ Yes      ☐ No

8. Did you appeal from the judgment of conviction?

    ■ Yes    ☐ No

9. If you did appeal, answer the following:

    (a) Name of court:  The First District Court of Appeal, Florida

    (b) Docket or case number (if you know):  5D18-3346

    (c) Result: Per Curiam Affirmed

    (d) Date of result (if you know): November 19, 2019

    (e) Citation to the case (if you know):  Sowers v. State 286 So. 3d 780

    (f) grounds raised:  Whether a conviction for sexual battery and lewd and lascivious molestation based on a single act violate double jeopardy

    (g) Did you seek further review by a higher state court?  ☐ Yes    ■ No

    If yes, answer the following:

    (1) Name of court: 

    (2) Docket or case number (if you know): 

    (3) Result: 

    (4) Date of result (if your know): 

    (5) Citation to the case (if you know): 

    (6) Grounds raised: 

    (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes    ■ No

    If yes, answer the following:

    (1) Docket or case number (if you know): 

    (2) Result: 

    (3) Date of result (if you know): 

    (4) Citation to the case (if you know): 

10. Other than the direct appeal listed above, have you filed any other petitions, applications, or motions challenging judgment of conviction in any state court? ■Yes    ☐ No

11. If your answer to Question 10 was "Yes" give the following information:

    (a)  (1) Name of court:  Fifth District Court of Appeal, Florida

    (2) Docket or case number (if you know):  5D21-0263

    (3) Date of filing (if you know):  January 25, 2021

    (4) Nature of the proceeding:  Fla. R. App. P. 9.141(d) Ineffective Assistance of Appellate Counsel

(5) Grounds raised: <u>Appellate counsel failed to raised trial court error of failing to strike sua sponte two jurors who unequivocally expressed their inability to be impartial.</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ■ No

(7) Result: <u>Denied</u>

(8) Date of result (if you know): <u>March 1, 2021</u>

(b) If you filed any second petition, application, or motion, give the same information?

(1) Name of court: <u>Seventh Judicial Circuit Court in and for Volusia County, Florida</u>

(2) Docket or case number (if you know): <u>16-3049545CFDB</u>

(3) Date of filing (if you know): <u>March 31, 2021</u>

(4) Nature of the proceeding: <u>Fla. R. Crim. P. 3.850</u>

(5) Grounds raised: <u>Trial court error of failing to strike sua sponte two jurors who unequivocally expressed their inability to be impartial, or conduct full Faretta hearing, where the pro se defendant could not hear, due to inability to obtain hearing aide batteries while in custody.</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ■ No

(7) Result: <u>Denied</u>

(8) Date of result (if you know): <u>August 9, 2022</u>

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First Petition:   ■ Yes     ☐ No
(2) Second Petition: ■ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages of you have more than four grounds. State the facts supporting each ground. Any legal arguments must be in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which your request action by the federal court. Also, of you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** MR. SOWERS WAS DENIED EFFECTIVE ASSISTANCE OF APPEALLATE COUNSEL AND THE TRIAL COURT ERRED WHERE TWO JURORS WHO STATED BIAS WERE ALLOWED TO DECIDE THE VERDICT VIOLATING SUBSTANTIVE DUE PROCESS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Sowers sought was charged by information with one count of sexual battery on a person less than 12 years of age and later an amended information added one count of lewd and lascivious molestation on a person less that 12 years of age. On October 9, 2018, the case proceeded to trial and Mr. Sowers was found guilty as charged on both counts. Mr. Sowers was sentenced to life on both counts. On appeal, the District Court of appeal affirmed on November 19, 2019 ( Case No. 5D18-3346). Subsequently, on January 25, 2021, through postconviction counsel, Mr. Sowers filed a Petitions Alleging Ineffective Assistance of Appellate Counsel pursuant to Rule 9.141(d), for failure to raise a claim of reversible error by the trial court failing to sua sponte strike two actually biased jurors based on the record. On March 31, 2021 through counsel Mr. Sowers raised one ground in a rule 3.850 alleging a violation of substantive due process pursuant to Johnson v. State, 128 So. 3d 155, 157 (Fla. 2d DCA 2013). The motion alleged substantive due process violations where Mr. Sowers was unable to obtain functioning hearing aids while acting in self representation the trial court knowingly allowed the presence of two actually biased jurors violating Mr. Sowers rights under Fla. R. Crim. P. Rule 3.300(c), Art. I, s. 16 (a) Fla. Const., and U.S. Const. Amend. VI & XIV, to be tried by an impartial jury. Citing to State v. Neil, 457 So. 2d 481, 486 (Fla. 1984); Skilling v. United States, 561 U.S. 358, 438 (2010). Prior to jury selection and during, Mr. Sowers informed the Court that his hearing aids were not functioning and that he was unable to resolve the problem through jail officials and was having difficulties hearing. Although it was made aware of the substantial change in Sowers ability to hear the trial court failed to conduct another full Faretta hearing. It is undisputed that both jurors Jensen and Mason made statement indicative of actual bias in response to the trial court's questioning in regards to having friends or family members who were the victim of sexual assault. Despite the actual bias responses, Jensen and Mason were accepted into the jury. It In his motion for postconviction relief, unlike his petition, Mr. Sowers plead he did not hear Jensen and Mason articulate a bias against him because of his impairment and two broken hearing aids. Mr. Sowers further plead that with his impairment he could not hear everything that was being said from his position in the courtroom and had he heard the statements made he would struck Jensen and Mason from his jury. Under the unique circumstances of Mr. Sower's case, the presence of Jensen and Mason in the jury constituted a violation of Mr. Sower's substantive due process rights because both Jensen and Mason were actually biased against Mr. Sowers. The trial court had a duty under Fla. R. Crim. P. 3.300 (c) to strike the jurors or to not let Mr. Sowers precede pro se without sufficient aides for the hearing impaired before impaneling a jury. The two jurors articulated a plain bias against Mr. Sowers. Jensen reported a close family member being the victim of sexual abuse and said the experience might affect her ability

to be impartial. When asked if she could follow the court's instruction and only consider the evidence in this case, Jensen said she would try. This is insufficient to constitute rehabilitation. Similarly, Mason reported having a close friend that was the victim of sexual abuse. Mason said the experience would affect her ability to be impartial and expressed doubts on her ability to follow the law. Accordingly, the face of the record shows Jensen and Mason were actually biased against Mr. Sowers. Due process for a self represented defendant assumes the self-represented defendant actually hears what is being said in court or sufficient accommodations are made for a hearing impairment. In this case, Mr. Sowers did not hear the response's made by Jensen and Mason from his position in the courtroom. This factual allegation is reasonable because Mr. Sowers is hearing impaired and had two broken hearing aids at the time of trial. Mr. Sowers made the trial court aware of his predicament prior to jury selection. Cited to Rosales-Lopez, 451 U.S. at 188, and Fla. R. Crim. P. 3.300, the responsibility is partially on the trial court to strike jurors that are not qualified to serve. Where the trial court failed to strike jurors Jensen and Mason from the jury, Mr. Sowers was not afforded all that the procedure required under Fla. R. Crim. P. 3.300(c). Also, where the trial court failed to conduct a further Faretta v. California, 422 U.S. 806 (1975) examination when it learned Mr. Sowers was acting in self representation without the benefit of two hearing aids or sufficient accommodations for the hearing impaired he was not afforded all that the procedure required under Faretta and its progeny, because there was a substantial change in the circumstances. For the foregoing reasons, Mr. Sowers respectfully requests this Court conduct an evidentiary hearing where the State court failed to give Mr. Sowers an opportunity to develop the facts of the claim. In the alternative, appellate counsel should have raised the ground on direct appeal where the records shows the trial court failed to conduct a *Faretta* hearing after it discovered Mr. Sowers had no hearing aids as he was proceeding to trial and the trial court allowed the bias jurors to sit on the panel, which resulted in two bias jurors participating in the verdict. Had appeallate counsel raised the issue on direct appeal the issue would have been granted where the error had the effect of violating Mr. Sowers rights under the 6th and 14th Amendments of the United States Constitution.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes    ■ No

    (2) If you did not raise this issue in your direct appeal, explain why:    Appellate Counsel failed to raise the issue on direct appeal and the issue could not be raised on direct appeal as for the factual basis alleged in regards to Mr. Sowers having not heard the jurors response to the questions, because that is not stated in court on the record, although Sowers did inform the court that he was unable to obtain batteries for his hearing aids.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

- ■ Yes   □ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Fla. R. App. P. 9.141 and Fla. R. Crim. P. 3.850

Name and location of the court where the motion or petition was filed:  Seventh Judicial Circuit in Volusia County, FL

Docket or case number (if you know):  16-3049545CFDB

Date of the court's decision:  March 1, 2021 (9.141) and August 9, 2022 (3.850)

Result (attach a copy of the court's opinion or order, if available):  Fla. R. App. P. 9.141 denied and Fla. R. Crim. P. 3.850 denied as raised in 9.141 and not allowed to be raised in a 3.850

(3) Did you receive a hearing on your motion or petition?   □ Yes   ■ No

(4) Did you appeal from the denial of your motion or petition?   ■ Yes   □ No

(5) If your answer Question (d)(4) is "Yes" did you raise this in the appeal? ■ Yes   □ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location the court where the appeal was filed:  Fifth District Court of Appeal

Docket or case number (if you know):  _____

Date of the court's decision: January 10, 2023

Result (attach a copy of the court's opinion or order, if available):  Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_____

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:**   MR. SOWERS DOUBLE JEOPARDY RIGHTS ARE VIOLATED WHERE CONVICTIONS OF SEXUAL BATTERY AND CHILD MOLESTATION BASED ON THE SAME SINGLE ACT ARE DUPLICATIVE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Sowers convictions for sexual battery on a person under 12 years of age and lewd or lascivious molestation of a victim less than 12 years of age from the same criminal episode and the same criminal act, violate double jeopardy. Mr. Sower's dual convictions violate double jeopardy and, therefore, this Court should reverse the conviction and sentence for lewd or lascivious molestation, for violating the 5th Amendment U.S. Constitution. Florida law does not authorize

Page 6 of 11

separate punishments for the two crimes and absent a clear statement of legislative intent to authorize separate punishments for the two crimes, the Supreme Court employs the **Blockburger** (*Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932)) test, Florida Statutes, to determine whether separate offenses exist. Under the three-part inquiry in any double jeopardy analysis. First, the court must determine whether the offenses occurred within the same criminal episode, which is not in dispute in the present case. Second, the court must determine whether there is more than one distinct act upon which the offenses are predicated, in the present case the information and testimony supports that the charges are based on the Third, the court must engage in the Blockburger same-elements test, i.e., whether each offense has an element the other does not, and if so whether one of the exceptions applies to preclude separate convictions and sentences. In this case, there is a single criminal episode: The victim testified at trial that the conduct at issue did not happen at any other time. There is also a single criminal act within that episode: The victim testified to only a single touching of a body part prohibited by sections 800.04(5) and 794.011(1)(h), specifically Mr. Sower's mouth touching the victim's penis. Because the two offenses charged in this case arise from a single criminal act within a single criminal episode, the next inquiry is whether the two offenses are the "same offense" based on the Blockburger test. Offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial. Lewd or lascivious molestation requires proof of an intentional touching of certain body parts, and sexual battery requires proof of penetration or union with those same body parts. The criminal act under both section 794.011(2)(a) and section 800.04(5) is an intentional touching of the type prohibited by the respective statutes. Under the Blockburger test, the two charged offenses arise from a single criminal act and constitute the same offense. Here, the proof of touching to support the lewd or lascivious charge was the same proof required to support the charge of sexual battery by union. Therefore Mr. Sower's dual convictions violate the Blockburger test and clearly established Supreme Court precedent in violation of the 5th Amendment of the U.S. Constitution under federal law. For these reasons, the Court should reverse the conviction for lewd or lascivious molestation and remand to the trial court to vacate that conviction.

_(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c)    **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ■ Yes     □ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        □ Yes      ■ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ■ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ■ No

(5) If your answer Question (d)(4) is "Yes" did you raise this in the appeal? ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

13. Please answer these additional questions about the petition you are filling:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ■ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ■ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the results for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

    _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ■ No

    If "Yes," stat the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

    _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:  ___Scott Decker   Daytona Beach, FL___

    (b) At arraignment and plea: ___Scott Decker   Daytona Beach, FL___

    (c) At trial:  ___N/A___

    (d) At sentencing: ___N/A___

    (e) On appeal:  ___James S. Purdy, Public Defender, and Matthew Funderburk, Assistant Public Defender, Daytona Beach, FL___

    (f) In any post-conviction proceeding: ___Robert Davin Malove, Esq.___

    (g) On appeal from any ruling against you in a post-conviction proceeding: ___N/A___

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ■ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    _____

    _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ■ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. § 2244(d) does not bar your petition.

<u>Mr. Sowers petition is timely filed following the denial of his direct appeal on November 19, 2019 postconviction counsel filed a timely Rule 9.141(d) Petition and a timely Rule 3.850 (a) motion. Mr. Sowers timely appealed the denial of the Rule 3.850 motion, therefore affording him equitable tolling this petition is timely.</u>

---

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the implementation to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks this Court grant the following relief: <u>grant of federal habeas corpus vacating the judgment of conviction and sentence or at least conduct an evidentiary hearing with appointed counsel</u> or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year)

Executed (signed) on _____ (date).

_____*signature*_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "Petition for Writ of Habeas Corpus" has been placed in the hands of Santa Rosa Correctional Institution prison officials for mailing U.S. Mail to **U.S. Courthouse 300 N. Hogan St., Jacksonville, Florida 32201**; and the **Office of the Attorney General 444 Seabreeze Blvd., Daytona Beach Florida 32118.**

/s/ *[signature]*
Freddie Glover DC#Q90154
Santa Rosa Correctional Institution-Annex
5850 E. Milton Road
Milton, Florida 32583